# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEONARD ANTHONY SZYMBORSKI, | DOCKET NUMBER DC-0752-15-0763-I-1 |
| Appellant, | |
| v. | |
| | DATE: November 23, 2016 |
| DEPARTMENT OF THE ARMY, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leonard Anthony Szymborski, Santa Maria (Camisano Vicentino), AE, pro se.

Stephen G. Salerno, APO, AE, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        In August 2009, the appellant entered into a rotational agreement and relocated to Valencia, Italy, for an overseas tour as a series 1101 Contract Management Specialist. Initial Appeal File (IAF), Tab 6 at 31-33. The assignment was subsequently extended on two occasions, resulting in a scheduled end date of January 29, 2015. *Id*. at 29-30. The terms of the rotational agreement included a requirement that the appellant apply for assignment in the United States prior to completion of his overseas tour. *Id*. at 31. It also required that he accept the first valid offer he received. *Id*. The agreement further provided that failure to abide by these terms might result in a proposal to separate him from Federal service. *Id*.

¶3        On January 26, 2015, days before the scheduled end of his rotational assignment,[2] the appellant received an offer for a series 1102 Contract Specialist position with the Department of the Navy in Bremerton, Washington, pursuant to the Priority Placement Program. *Id*. at 21-22. The agency specified that this was a "VALID job offer." *Id*. at 21. It also reminded the appellant that if he declined the offer or failed to respond, a proposal to separate him could be initiated. *Id*.

---

[2] The appellant's rotational assignment was subsequently extended to April 13, 2015, and again to June 1, 2015. IAF, Tab 5 at 4, 24.

The appellant declined the offer, claiming he was not qualified for the position. *Id*. at 15-20.

¶4     In February 2015, the agency proposed the appellant's removal based upon a charge that he failed to comply with the agency's rotational policy by declining the valid job offer. *Id*. at 12-14. The appellant responded, again alleging that he was not qualified for the offered position. *Id*. at 9-11. He also rightfully noted that the proposal letter misidentified his existing position as series 1102, rather than series 1101. *Id*. at 11-12, 33. As a result, the agency issued a correction to the proposed removal. IAF, Tab 5 at 35. The deciding official also forwarded the appellant's concerns regarding his qualifications to the agency's Civilian Personnel Advisory Center (CPAC), requesting a technical review. IAF, Tab 6 at 8. The CPAC Director responded, confirming that the appellant was well qualified for the series 1102 Contract Specialist position and reiterating that it was a valid job offer. *Id*. at 6-7. After receiving this, the appellant filed another response to his proposed removal. IAF, Tab 5 at 37, Tab 6 at 4-5.

¶5     In April 2015, the deciding official sustained the appellant's removal, with an effective date of June 1, 2015. IAF, Tab 4 at 21-26. Just before that date, however, the appellant retired.[3] *Id*. at 19. The appellant filed the instant appeal, challenging the removal action. IAF, Tab 1. The parties stipulated that the only material issue to be decided was whether the agency proved its charge. IAF, Tab 11.

¶6     Because the appellant did not request a hearing, the administrative judge issued a decision based upon the written record, sustaining the removal action. IAF, Tab 22, Initial Decision (ID). The appellant has filed a petition for review,

---

[3] The appellant's retirement before the effective date of his removal does not divest the Board of jurisdiction over the matter. *See Norton v. Department of Veterans Affairs*, 112 M.S.P.R. 248, ¶ 2 (2009) (recognizing that the Board retains jurisdiction over an appeal when an employee retires when faced with an agency's final decision to remove him).

reasserting that he was not qualified for the position he was offered. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶7		The administrative judge construed the sole charge as analogous to one of failure to accept a directed reassignment. *See, e.g.*, IAF, Tab 18. Our reviewing court recently clarified that the approach first established in *Ketterer v. Department of Agriculture*, 2 M.S.P.R. 294 (1980), remains the proper standard in a removal appeal based upon a refusal to accept a directed reassignment. *Cobert v. Miller*, 800 F.3d 1340, 1344-45, 1349 (Fed. Cir. 2015). Under the burden−shifting framework set forth in *Ketterer*, the agency has the initial burden of showing that its decision to reassign the employee was based on legitimate management considerations in the interest of the service. 2 M.S.P.R. at 299. Such a showing, along with evidence that the employee had adequate notice of the decision to transfer and refused to accept the reassignment, is ordinarily sufficient to establish the agency's prima facie case. *Id.* Once the agency makes out a prima facie case, the burden shifts to the appellant to produce rebuttal evidence to demonstrate that the reassignment had no solid or substantial basis in personnel practice or principle, although the ultimate burden of persuasion never shifts from the agency. *See Umshler v. Department of the Interior*, 44 M.S.P.R. 628, 630 (1990); *Ketterer*, 2 M.S.P.R at 299-300.

¶8		The administrative judge applied the aforementioned standard, finding that the agency met its burden. ID at 5-7. He further found the appellant's rebuttal arguments and evidence unavailing, including arguments that he lacked the qualifications necessary for the series 1102 Contract Specialist position. ID at 7−11.

¶9		On review, the appellant reasserts that the reassignment he refused was improper because his experience, including that as an 1101 Contract Management Specialist, did not qualify him for the 1102 Contract Specialist position. PFR File, Tab 1 at 5-8. Because no hearing was held, the Board is free to reweigh the

evidence and reach its own conclusions. *White v. Department of Housing & Urban Development*, 95 M.S.P.R. 299, ¶ 27 (2003). However, we discern no basis for reaching a conclusion contrary to that of the administrative judge.

¶10 As the administrative judge properly recognized, the record shows that appropriate agency officials reviewed the appellant's credentials, pursuant to agency policy, and found him well qualified for the position he refused. ID at 8−9; IAF, Tab 6 at 6-7, 15. These officials included a Human Resources Specialist representing the offered position, a Human Resources Specialist representing the position he was to vacate, the Career Transition Program Administrator, and the agency's Vicenza CPAC Director. IAF, Tab 6 at 6-7, 15. They all deemed the appellant well qualified for the position, even after considering his stated objections. *Id*. Among other things, these officials explained that while the appellant claimed he lacked a pertinent certification, that certification was not required upon entry into the position. *Id*. at 6-7.

¶11 In his petition, the appellant has presented brief descriptions of the series 1101 position he held and the series 1102 position he was offered. PFR File, Tab 1 at 6-8. Yet, he failed to provide any persuasive argument or evidence to overcome the agency's evidence, which indicates that the totality of his experience, including that gained in the series 1101 position, rendered him well qualified for the series 1102 position. The appellant suggests that the agency should have contacted a specific individual he considers an expert in the field, because that person would have better compared his qualifications to that of the offered position. *Id*. at 8. However, he has not identified any requirement that the agency do so.

¶12 The appellant's broad arguments provide no basis for disturbing the administrative judge's well-reasoned findings. His disagreements fail to demonstrate that the reassignment had no solid or substantial basis in personnel practice or principle. Accordingly, we affirm the initial decision, sustaining the appellant's removal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                        _____
                                                     Jennifer Everling
                                                     Acting Clerk of the Board

Washington, D.C.